# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 25-1135V

|  |  |
|---|---|
| SHEVA EHRENFELD,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2026 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

On July 7, 2025, Sheva Ehrenfeld filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on September 25, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 9, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 16, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,000.00 for pain and suffering and $1,794.27 to satisfy the State of New York Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

a. **A lump sum payment of $50,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

b. **A lump sum payment of $1,794.27, representing compensation for satisfaction of the State of New York Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **New York State Department of Health**
> **P.O. Box 415874**
> **Boston, MA 02241-5874**
> **Recovery Case No.: 290959**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

<table>
<tr><td>

SHEVA EHRENFELD,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

</td><td>

Case No. 25-1135V (ECF)
CHIEF SPECIAL MASTER
CORCORAN

</td></tr>
</table>

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

## I.   Procedural History

On July 7, 2025, Sheva Ehrenfeld ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on September 25, 2024.  Pet. at 1.

On February 6, 2026, respondent filed his Rule 4(c) Report, conceding entitlement in this case because petitioner met the criteria to establish a presumptive Table SIRVA injury.  ECF Doc. No. 16 at 1, 4-5.  On February 9, 2026, the Court issued its Ruling on Entitlement, finding that petitioner was entitled to compensation.  ECF Doc. No. 17.

## II.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers that petitioner should be awarded $51,794.27.  The award is comprised of the following: $50,000.00 for pain and suffering and $1,794.27 for expenses paid by Medicaid.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) regarding her September 25, 2024 flu vaccination.  Petitioner agrees.[2]

## III.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump-sum payments as described below:

(1)    A lump-sum payment of $50,000.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.  Petitioner agrees.

---

[1]  The $1,794.27 lump sum payment represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York or HMS, Inc. may have against any individual as a result of any Medicaid payments the New York State Department of Health made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 25, 2024, under Title XIX of the Social Security Act.

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

(2)    A lump-sum payment of $1,794.27, representing compensation for satisfaction of the State of New York's Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

New York State Department of Health
P.O. Box 415874
Boston, MA  02241-5874
Recovery Case No.: 290959

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED:  March 16, 2026

3